IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT COAKER,

                Plaintiff,                              ORDER

    v.

                                                  12-cv-675-wmc

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                Defendant.

---

      In this *pro se* action brought pursuant to 42 U.S.C. § 405(g), plaintiff Robert Coaker seeks judicial review of an adverse decision of the Commissioner of Social Security finding him ineligible for Disability Insurance Benefits under Title II of the Social Security Act, codified at 42 U.S.C. §§ 416(i) and 423(d) and Supplemental Security Income benefits under Title XVI of the Act, codified at 42 U.S.C. §§ 1381(a) and 1382(a). The Commissioner has moved to dismiss the appeal as untimely because Coaker filed it outside the 60-day limitations period provided by the Act. Dkt. 10. Coaker did not respond to the motion.

      Under the Social Security Act and its implementing regulations, a person who wishes to obtain judicial review of an adverse decision of the Commissioner must file a civil complaint within 60 days after the Appeals Council denies review. 42 U.S.C. § 405(g); 20 C.F.R. § 422.210(c). However, "the 60-day requirement is not jurisdictional, but rather constitutes a period of limitations" that is subject to equitable tolling. *Bowen v. City of New York*, 476 U.S. 467, 478, 480-81 (1986) (citations omitted). The doctrine of

1

equitable tolling provides that a person's failure to file a civil complaint within the time specified may be excused if (1) the person was pursuing his rights diligently, and (2) an extraordinary circumstance beyond his control stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

According to public documents filed with the government's motion, the Appeals Council denied Coaker's request for review on June 1, 2012. The date of receipt of the notice of the Council's action is presumed to be five days after the date of such notice, unless a reasonable showing to the contrary is made to the Appeals Council. 20 CFR. §§ 404.091, 416.1401, 422.210(c). Because Coaker did not file his complaint in this court until September 17, 2012, more than a month after his deadline expired, it is unquestionably untimely unless excused under the doctrine of equitable tolling.

Coaker has not disputed the fact that he filed his complaint late or offered any explanation that might warrant equitable tolling. Because Coaker is proceeding *pro se*, the court will give him an additional opportunity to respond before dismissing his complaint as untimely. He will, therefore, be directed to file a written answer to the following question not later than Monday, November 25, 2013:

> **Why did you wait more than 60 days after June 1, 2012 to file your civil complaint?**

Coaker should state any and all reasons why he did not file his civil complaint within the 60-day time period. He should be aware that the lack of legal expertise is not a basis for equitable tolling. *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008); *but see*

*Carver-Thomas v. Astrue*, Case No. 11-cv-797-bbc (W.D. Wis. May 22, 2012) (emergency hospitalization of plaintiff's mother and unexpected courthouse closing considered matters outside plaintiff's control that justified equitable tolling). If Coaker fails to respond to this order within the deadline set by the court, the Commissioner's motion will be granted and Coaker's complaint will be dismissed.

ORDER

IT IS ORDERED that plaintiff Robert Coaker has until Monday, November 25, 2013 to state any and all reasons why he did not file his civil complaint within the 60-day limitations period. **Failure to respond adequately in writing will result in dismissal of this case.**

Entered this 6th day of November, 2013.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge